DECISION
The matter before the Court is defendants' appeal of a decision of the District Court in a cause brought under the provision of General Laws 1956 (1985 Reenactment) § 10-16-1
entitled "Small Claims and Consumer Claims." On September 9, 1991 judgment for the plaintiffs in the amount of $1,507.58 was entered in the District Court. The claim filed by the plaintiffs provides as follows:
 That Peter V. Stelljes and Janice Stelljes sold the property located at 102 Holland Dr. to Michael T. Brady and Karen F. Lamorge Brady without disclosing a defect (water leak) to the Brady's, which leaked on or about December, 1990 causing extensive damage which the Stelljes' have refused to pay for. This damage was caused by a rainstorm less than 3 months after the property was purchased from the Stelljes'.
On June 28, 1995, defendants moved to dismiss this case for lack of subject matter jurisdiction. Defendants maintain that since the subject matter of this case concerns an alleged failure to disclose a known defect during the sale of a home it is an action in tort for misrepresentation and not cognizable under §10-16-1 of the General Laws as a "small claim."
Plaintiffs allege that the damages which they suffered are as a result of a breach of contract and that since contract actions are cognizable as small claims, jurisdiction is satisfied. Plaintiffs base this argument on the premise that the parties entered into a contract for the sale of real estate and the contract provided for a satisfactory home inspection. Plaintiffs allege that the defendants misrepresented the condition of the house and are thus liable for the damages suffered. (The question before the Court however is not whether there may be liability on the part of the defendants, but rather, is or should the action be one in contract or tort?)
Plaintiffs rely upon the case of Halpert v. Rosenthal,107 R.I. 406, 267 A.2d 730 (1970) for the correct proposition that a seller's misrepresentation, though innocently made, is grounds for rescission of a contract. Plaintiffs then submit that since this contract has already been executed and the sale consummated, rescission is impractical and plaintiffs should be awarded money damages for the breach of the contract caused by the alleged misrepresentation. This is simply not the law. Halpert v.Rosenthal specifically holds as follows:
 In this jurisdiction a party who has been induced by fraud to enter into a contract may pursue either one of two remedies. He may elect to rescind the contract to recover what he has paid under it, or he may affirm the contract and sue for damages in an action for deceit.
 Halpert v. Rosenthal, 267 A.2d at 733
 Halpert then distinguishes the kind of misrepresentation necessary to sustain a tort action for deceit from a suit to rescind an agreement induced by fraud which is a contract action. In the latter case, even an innocent, non-fraudulent misrepresentation of a material fact will warrant the granting of a claim for rescission. Halpert does not suggest the viability of an action for breach of contract based on misrepresentation.
It is inescapable that plaintiffs' claim is for misrepresentation and is thus an action in tort. Rescission of the contract is not before the Court and as is the case with all contracts, rescission is governed by the terms of the agreement. Plaintiffs have no valid claim as a contract action. Since this matter is not included in the limited jurisdiction of the small claims statute it is not cognizable under § 10-16-1 of the General Laws.
Therefore, defendants' motion to dismiss for lack of subject matter jurisdiction is granted. Counsel for the defendants shall prepare an Order.